RACHEL E. KAUFMAN (CAL BAR NO. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for the Plaintiff and the putative Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TAYLOR, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CALIFORNIA CORRAL, INC., a California corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Daniel Taylor ("Plaintiff Taylor" or "Taylor") brings this Class Action Complaint and Demand for Jury Trial against Defendant California Corral, Inc. ("Defendant" or "California Corral") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to residential telephone numbers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Taylor, for this Complaint, alleges as follows upon personal knowledge as to himself and his

own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Daniel Taylor is a resident of Tustin, California.

2. Defendant California Corral is a California registered corporation headquartered in Rancho Cucamonga, California. Defendant California Corral conducts business throughout this District and California.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant has its headquarters in this District and because the wrongful conduct giving rise to this case was directed from this District by the Defendant to the Plaintiff who resides in this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its last term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful robocalling technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4 billion robocalls were placed in May 2021 alone, at a rate of 128.7 million per day. www.robocallindex.com (last visited June 9, 2021).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

CLASS ACTION COMPLAINT
-3-

## COMMON ALLEGATIONS

14. California Corral, Inc. operates using the d/b/a Golden Corral.[3]

15. Defendant California Corral is a Golden Corral franchise in California.

16. Defendant California Corral uses telemarketing to solicit potential customers for dining at their buffet and grill.

17. Defendant California Corral calls consumers with a pre-recorded voice message without first obtaining the consumer's prior express written consent.

18. In response to these calls, Plaintiff Taylor files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF TAYLOR'S ALLEGATIONS

19. On May 15, 2021, Plaintiff Taylor received a call on his residential phone number from the phone number 657-200-9926. Plaintiff Taylor did not answer the call.

20. A pre-recorded voicemail was left advertising the re-opening of the Anaheim Golden Corral dining room post-Covid. The voicemail was a pre-recorded message from someone named "Maya".

21. Plaintiff Taylor has never visited any Golden Corral location.

22. According to NoMoRobo.com, phone number 657-200-9926 is associated with pre-recorded phone calls using an agent who identifies herself as "Maya".[4]

---

[3] http://permits.anaheim.net/tm_bin/tmw_cmd.pl?tmw_cmd=statusviewcaseBUS&shl_caseno=BUS2017-02402

[4] https://www.nomorobo.com/lookup/657-200-9926

23. Based on the above, Plaintiff believes that California Corral hired a third-party to place pre-recorded calls to consumers on its behalf to generate business for its franchise-owned Golden Corral locations.

24. Plaintiff does not yet know which third-party company was hired to place pre-recorded calls to consumers on behalf of California Corral.

25. Plaintiff Taylor did not provide his consent to California Corral to place pre-recorded calls to his residential phone number.

26. The unauthorized solicitation telephone call that Plaintiff received from Defendant, as alleged herein, has harmed Plaintiff Taylor in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

27. Seeking redress for these injuries, Plaintiff Taylor, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

28. Plaintiff Taylor brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their telephone number (2) using a pre-recorded voice message, and (3) for whom the Defendant claims it obtained consent to call the person or the person's number in the same manner as Defendant claims it supposedly obtained consent to call Plaintiff or Plaintiff's number.

29. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or

former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Taylor anticipates the need to amend the Class definitions following appropriate discovery.

30. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received calls as part of the same telemarketing campaign resulting in calls to other Class members.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether the Defendant placed pre-recorded voice message calls to Plaintiff Taylor and members of the Pre-recorded No Consent Class;

(b) whether the calls were made without first obtaining prior express written consent of Plaintiff Taylor and members of the Pre-recorded No Consent Class;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

32. **Adequate Representation**: Plaintiff Taylor will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Taylor has no interests antagonistic to

those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Taylor and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Taylor nor his counsel have any interest adverse to the Class.

33. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Taylor. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Taylor and the Pre-recorded No Consent Class)

34. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

35. Defendant California Corral transmitted unwanted solicitation telephone calls to Plaintiff Taylor and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

36. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Taylor and the other members of the Pre-recorded No Consent Class.

37. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Taylor and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Taylor individually and on behalf of the Class, prays for the following relief:

    a. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Taylor as the representative of the Class; and appointing his attorneys as Class Counsel;

    b. An award of actual and/or statutory damages and costs;

    c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

    d. An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

    e. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Taylor requests a jury trial.

    **DANIEL TAYLOR**, individually and on behalf of all others similarly situated,

DATED this 17th day of June, 2021.

    By: /s/ *Rachel E. Kaufman*
    Rachel E. Kaufman
    Rachel@kaufmanpa.com

KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*